IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Donna Rauch, ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **(Jury Trial Demanded)** |
| Oaktree Medical Centre, P.C., ) | |
| and Daniel A. McCollum, D.C. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Donna Rauch, by way of her Complaint in this matter, would respectfully show unto this Honorable Court the following:

### I. Parties, Jurisdiction, and Venue

1. Plaintiff is a citizen and resident of Greenville County, South Carolina.

2. Defendant Oaktree Medical Centre, P.C. (hereinafter "Oaktree") is a corporation organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in Greenville County, South Carolina. Defendant owns property and conducts business within Greenville County, South Carolina.

3. Defendant Daniel A. McCollum is a citizen and resident of Pickens County, South Carolina. Defendant McCollum is the sole shareholder of Defendant Oaktree and, at all relevant times, was the CEO of Defendant Oaktree. Defendant McCollum owns property and regularly conducts business in Greenville County, South Carolina.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action is based on gender discrimination under Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1).

5. Defendant Oaktree is an "employer" for purposes of Title VII, 42 U.S.C. § 2000e(b), because it is engaged in an industry affecting commerce and employs fifteen or more employees. Upon information and belief, Defendant employs or has employed in excess of 400 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

6. Defendant Oaktree is also considered an "employer" covered by the EPA because it is an enterprise engaged in interstate commerce, has two or more employees engaged in interstate commerce, and has an annual gross volume of business in excess of $500,000.

7. Defendant McCollum is also considered an "employer" under the EPA because he is a person acting directly or indirectly in the interest of Defendant Oaktree, as an "employer," in relation to employees of Defendant Oaktree, including Plaintiff.

8. At all times relevant hereto, Plaintiff was an "employee" of Defendant Oaktree for purposes of Title VII and the EPA.

9. Plaintiff has exhausted all administrative remedies required in employment discrimination actions under Title VII. Plaintiff timely filed a charge of employment discrimination based on gender or sex against Defendant Oaktree with the Equal Employment Opportunity Commission ("EEOC"), dual filed with the South Carolina Human Affairs Commission, on or about November 4, 2015, within three hundred (300) days of the commission of the unlawful employment practices alleged herein. Plaintiff received a "Notice of Right to Sue" letter from the EEOC on or about April 1, 2016. This action is being filed with ninety (90) days of Plaintiff's receipt of the right to sue letter from the EEOC.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant Oaktree does business in this judicial district and division, and the unlawful employment practices giving rise to Plaintiff's claims were committed, in part, within this judicial district and division.

## II. Facts

11. Plaintiff began working for Defendant Oaktree as a consultant and independent contractor in or about July 2012. At that time, Plaintiff owned her own financial consulting firm known as The Lohnen Group. Plaintiff assisted both Defendants Oaktree and McCollum with a number of serious financial problems in both his personal and business life, including IRS audits, defaults and foreclosures, and Medicaid audits. Plaintiff assisted Defendants Oaktree and McCollum in restructuring the company, hiring new accounting and bookkeeping staff, establishing a corporate office, implementing a new Electronic Medical Records and billing system, and purchasing several medical practices.

12. Plaintiff did such an exceptional job for Defendants that Defendant McCollum offered her a full-time position as Chief Financial Officer and Chief Operating Officer of Defendant Oaktree, which position Plaintiff accepted effective July 1, 2013.

13. At all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendant Oaktree and performed all of the duties of her positions in an exceptional and competent manner.

14. On or about January 21, 2015, Plaintiff was informed that she was being replaced as CFO of Defendant Oaktree, but that she would be transferred to the position of Vice President of Finance for Defendant Oaktree.

15. On or about January 26, 2015, while Plaintiff was on a planned and approved family

vacation, her e-mail account at Oaktree and her Prox card allowing her access to the Oaktree offices were deactivated.  Plaintiff's employment with Defendant Oaktree was terminated without notice and without cause.  Her salary and benefits were discontinued on or about January 22, 2015.

16.     Upon her return from vacation, after Plaintiff discovered that her physical and electronic access to the company had been unilaterally revoked, Plaintiff sent an e-mail on or about February 4, 2015, to Defendant Oaktree's Human Resources Manager, offering to resign from the company effective in ninety (90) days, which e-mail was never accepted or acknowledged by any employee or officer of Defendant Oaktree.  On February 13, 2015, Plaintiff through her undersigned counsel, rescinded her e-mail resignation out of an abundance of caution, even though the e-mail was not an effective resignation under the express terms of her Employment Agreement with Defendant Oaktree.  Plaintiff demanded that she be reinstated to her position and that her rights under the Employment Agreement be afforded to her.

17.     Defendants Oaktree and McCollum refused to reinstate Plaintiff to her position as CFO or VP of Finance, but instead filled her position as CFO with a male employee.

### FOR A FIRST CAUSE OF ACTION
### (Gender Discrimination–Title VII–Disparate Treatment)
### (Against Defendant Oaktree Only)

18.     Plaintiff repeats and realleges Paragraphs 1-17 as if restated verbatim.

19.     Plaintiff is a female.

20.     Defendant Oaktree unlawfully discriminated against Plaintiff, based on her gender, by terminating her employment on or about January 26, 2015.  Defendant Oaktree replaced Plaintiff with a male employee.

21.     In addition, Defendant Oaktree paid Plaintiff considerably less than similarly situated

male employees who had similar job duties and responsibilities, or paid Plaintiff the same as other male, executive-level employees who had significantly fewer job duties and responsibilities than she did.

22.     Defendant Oaktree unlawfully treated Plaintiff disparately from one or more similarly situated male employees because of her gender, in violation of Title VII.

23.     Upon information and belief, any alleged reason proffered by Defendant Oaktree for terminating Plaintiff in favor of a male employee is a pretext for unlawful discrimination.

24.     Defendant Oaktree's unlawful discrimination against Plaintiff has directly and proximately caused her to suffer actual damages in the form of lost wages and employment benefits, emotional distress, humiliation, embarrassment, and loss of enjoyment of life.  Accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant Oaktree sufficient to compensate her for lost wages and employment benefits and emotional distress caused by Defendant Oaktree's unlawful discrimination.

25.     Upon further information and belief, Defendant Oaktree's discrimination against Plaintiff was intentional and in reckless disregard of her rights to be free from such discrimination. Therefore, Plaintiff is entitled to recover punitive damages against Defendant Oaktree, in an amount to be determined by the jury, sufficient to deter this Defendant and others from engaging in such discriminatory actions in the future.

26.     Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

## FOR A SECOND CAUSE OF ACTION
### (Equal Pay Act–Gender Discrimination)
### (Against Both Defendants)

27.     Plaintiff repeats and realleges Paragraphs 1-26 as if restated verbatim.

28.     Defendant Oaktree discriminated against Plaintiff on the basis of her sex or gender by providing wages and other benefits to Plaintiff at a rate less than the rate at which it paid wages and other benefits to employees of the opposite sex at the same establishment for substantially equal work for jobs the performance of which required equal skill, effort, and responsibility and which were preformed under similar working conditions.

29.     Defendant Oaktree intentionally and willfully discriminated against Plaintiff based on her sex or gender in direct violation of the EPA.

30.     As a direct and proximate result of Defendant Oaktree's deliberate, intentional, reckless, and malicious discrimination against Plaintiff, she has suffered, and continues to suffer, injuries including lost wages and benefits, lost earning capacity, and other economic damages.

31.     Upon information and belief, plaintiff is entitled to an award of back pay, front pay, and interest thereon; lost employment benefits; attorney's fees, expert fees, and costs; and other actual damages in an amount to be proven at trial.

32.     Defendant Oaktree's discriminatory conduct toward Plaintiff was willful and was done with malice and with reckless disregard for the Plaintiff's rights under federal employment and labor laws.  Further, Defendant knew or reasonably should have known that its conduct was unlawful.  Plaintiff is informed and believes that she is, therefore, entitled to recover liquidated damages from Defendant Oaktree in an amount equal to the back pay award.

33.     Defendant McCollum is also individually liable for all damages Plaintiff is entitled

to recover under the EPA, including back pay, liquidated damages, and attorney's fees and costs.

WHEREFORE, having fully set forth her allegations against Defendants, Plaintiff respectfully requests the following relief:

    a.    Back pay, front pay, lost employment benefits, and interest thereon;

    b.    Compensatory damages for other economic losses directly and proximately caused by Defendants' unlawful conduct;

    c.    Compensatory damages for emotional distress against Defendant Oaktree;

    d.    Injunctive relief enjoining Defendant Oaktree from engaging in discriminatory conduct in the future;

    e.    Punitive damages against Defendant Oaktree;

    f.    Liquidated damages against both Defendants;

    g.    Pre-judgment interest;

    h.    Enhancement to Plaintiff's actual, economic damages to account for any negative income tax consequences Plaintiff might sustain from receiving a damages award in a lump sum;

    i.    Attorney's fees, expert fees, and costs; and

    j.    Such further relief as the Court deems just and appropriate.

\*     \*     \*

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

Respectfully submitted,


 s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, SC 29605
(864) 232-5870 (office)
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com

Attorney for Plaintiff, Donna Rauch

June 27, 2016

Greenville, South Carolina.